```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

MONTEA JOHNSON,                   )
                                  )
            Plaintiff,            )
                                  )
                                  )  Case No. CIV-21-095-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Montea Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 49 years old at the time of the ALJ's decision. She completed the eleventh grade and previously worked as a nurse. Claimant alleges an inability to work beginning on December 1, 2017, due to limitations resulting from depression, bipolar disorder, fibromyalgia, bulging discs in the lower back, upper back, and neck, bladder control problems, shoulder problems, and irritable bowel syndrome.

## Procedural History

On March 30, 2018, Claimant filed an application for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Her application was denied initially and upon reconsideration. On November 20, 2019,

3

ALJ Clifford Shilling conducted an administrative hearing in Fort Smith, Arkansas, at which Claimant testified. After the hearing, the case was reassigned to ALJ Michael S. Hertzig due to the unavailability of ALJ Shilling. On June 24, 2020, ALJ Hertzig entered an unfavorable decision. Claimant requested review by the Appeals Council, and on January 20, 2021, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant asserts that when assessing the RFC the ALJ failed to properly consider the opinion of consultative physician Conner Fullenwider, M.D.

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of chronic obstructive pulmonary disease ("COPD"), degenerative disc disease of the cervical, lumbar, and thoracic spines, and osteoarthritis. (Tr. 16). He determined Claimant could

4

perform light work, except she could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and frequently kneel, crouch, and crawl. (Tr. 17).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of cashier II, retail sales attendant, and housekeeping cleaner, all of which he found existed in sufficient numbers in the national economy. (Tr. 21). As a result, the ALJ concluded Claimant had not been under a disability from December 1, 2017, through the date of the decision. (Tr. 22).

Claimant's sole argument is that the ALJ failed to properly consider the opinion of consultative physician Dr. Fullenwider. First, Claimant contends that the ALJ found Dr. Fullenwider's opinion "partially persuasive," but he failed to explain which portions of the opinion were persuasive and the parts that were not. Second, she alleges that the ALJ failed to include a limitation for overhead reaching in the RFC, a limitation that was consistent with Dr. Fullenwider's examination findings that she had a decreased range of motion of the right shoulder.

Dr. Fullenwider examined Claimant on July 7, 2018. She alleged disability due to back and neck pain, COPD, depression, anxiety, and bipolar disorder. He noted that Claimant reported functional limitations associated with back and leg pain, including sitting for forty-five minutes, standing for thirty minutes, walking one mile, and lifting and carrying ten pounds. She also reported

5

functional limitations in handling, bending, squatting, seeing, and hearing. Upon examination, Claimant exhibited no muscle spasms, and her muscle bulk and tone were within normal limits. Her muscle strength was normal. She was unable to squat and rise from that position, but she could rise from a sitting position without assistance. She had difficulty getting up and down from the exam table. She could not walk on heels and toes, but her tandem walking was normal. Claimant could stand but not hop on either foot bilaterally. She exhibited decreased range of motion in her right shoulder, including right shoulder abduction of 110 out of 150 degrees and right shoulder forward elevation of 120 out of 150 degrees, but her physical examination was otherwise within normal limits. (Tr. 19, 318-26).

The medical opinion evidence in this case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of

examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ discussed Dr. Fullenwider's examination in the decision, concluding it was "only partially persuasive." He addressed Dr. Fullenwider's findings as follows:

> The consultative examiner, Dr. Fullenwider stated that the [C]laimant has a decreased range of motion in the right shoulder but the exam was otherwise within normal limits. (Ex. 2F/5). While Dr. Fullenwider's findings are generally consistent with the record, the consultative

7

>  exam report does not contain a functional assessment in terms as defined by the Regulations. Thus, his findings are only partially persuasive. (Ex. 2F).

(Tr. 20).

This Court finds there is no error in the ALJ's analysis of Dr. Fullenwider's examination of Claimant. Dr. Fullenwider's finding that Claimant had a decreased range of motion of the right shoulder did not constitute a "medical opinion" regarding her functional abilities. *See* 20 C.F.R. § 404.1513(a)(2), (a)(2)(i) (defining a medical opinion as "a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions" in the ability to perform the physical or mental demands of work); *see also Endriss v. Astrue*, 506 Fed. Appx. 772, 778 (10th Cir. 2012) (noting that a finding of a limited range of motion of the cervical spine, absent an explanation of how the limitation affects the ability to function, does not constitute an opinion that can be evaluated by the ALJ). Here, as stated in the decision, the ALJ found Dr. Fullenwider's overall findings were only "partially persuasive." He was not required to do more.

Moreover, the ALJ was not required to include a functional limitation for overhead reaching in Claimant's RFC. The ALJ not only considered Dr. Fullenwider's examination of Claimant, but he also considered the other medical evidence of record. Such evidence included Claimant's treatment records wherein Claimant complained

of shoulder pain (Tr. 18-19, 289-90, 295-96, 306, 421, 423, 424-25, 427, 428), and other records indicating a full range of motion of her extremities. (Tr. 18-19, 308, 358, 370, 421, 423, 424-25, 426-27). He also considered the opinions of the state agency reviewing physicians, who considered Dr. Fullenwider's finding that Claimant had a decreased range of motion in the right shoulder in addition to Claimant's complaints of shoulder pain to other treatment providers, and did not include any functional limitations for reaching in their RFC determinations. (Tr. 20, 85-86, 99-102,). The ALJ further relied upon Claimant's testimony, including her daily activities which included caring for her grandchildren when their parents were at work. (Tr. 18, 20).

The ALJ determined that Claimant could perform light work "with only frequent climbing [of] ramps and stairs; occasional climbing [of] ladders, ropes, and scaffolds; and frequently kneeling, crouching, and crawling." He concluded that "[t]he record does not warrant any greater limitations." (Tr. 20). The Court finds that the RFC adopted by the ALJ was supported by substantial evidence and those limitations found to exist by the ALJ were included in his hypothetical question to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC

9

assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).[2]

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 6th day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[2]   As noted by the Government, even when presented with a hypothetical individual who was limited to only occasionally reaching (in addition to the limitations included in the hypothetical adopted by the ALJ for Claimant's RFC), the VE testified the individual would be able to perform the jobs of cashier II, retail sales attendant, and housekeeper. (Tr. 71-72, 74-75).